UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN J. ROSS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PADRES LP, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CV-1676 JLS (JLB)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court is Plaintiff Van J. Ross's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 2.) Also before the Court is Plaintiff's Motion to Appoint Counsel. ("Counsel Mot.," ECF No. 3.)

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

1

§ 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that he has received an average monthly employment income of $2,100 over the past twelve months. (IFP Mot. 1.[1]) However, he notes that he will soon be leaving his current job, (*id.* at 6), and thus he expects his average monthly employment income to be roughly $1,400 going forward, (*id.* at 1). Plaintiff also notes that he will be receiving $732 for retirement benefits and $208 for unemployment benefits on a monthly basis. (*Id.* at 3.) This leads to a total average monthly income of roughly $2,350. Plaintiff also has $200 in savings accounts, (*id.* at 3), and has two cars valued at $2,400, (*id.* at 4). His spouse does not have any source of income. (*See generally id.*) However, Plaintiff notes that their combined average monthly expenses total well over $3,000. (*See id.* at 5–6.) This total is likely higher given that Plaintiff lists "varies" for items such as medical and dental expenses, home maintenance, and recreation/entertainment. (*Id.* at 5.) This at the very least suggests that Plaintiff either has some other source of income or has not fully explained his financial situation to the Court. Given the vast discrepancy between Plaintiff's claimed monthly income and his claimed monthly expenses, the Court is unable to determine whether Plaintiff's affidavit is credible and thus cannot accurately assess his ability to pay the $400 civil filing fee. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP.

## CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2). Consequently, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel (ECF No. 3). To proceed with his

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

case, Plaintiff may, within thirty days of the date on which this Order is electronically docketed, either (1) pay the $400 filing fee for civil cases, or (2) file a new motion to proceed *in forma pauperis* that addresses the Court's above-mentioned concerns.

**IT IS SO ORDERED.**

Dated: August 29, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge