UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN J. ROSS,<br><br>                           Plaintiff,<br><br>v.<br><br>PADRES LP, et al.,<br><br>                         Defendants. | Case No.: 17-CV-1676 JLS (JLB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF No. 5) |

Presently before the Court is Plaintiff Van J. Ross's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 5.)

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).
1

17-CV-1676 JLS (JLB)

In the present case, the Court previously denied Plaintiff's first IFP motion. (ECF No. 4). The Court gave Plaintiff thirty days from the date of the previous Order to refile a motion to proceed IFP, which Plaintiff has now submitted.

Plaintiff filed an affidavit indicating that he has received an average monthly income of $15,620 over the past twelve months. (IFP Mot. 2.)[1] This number is most likely not the actual average income per month because Plaintiff expects his next month's income to be $2,032 (*id.*) and in his previous affidavit listed monthly income as $2,832. (ECF No. 2, at 2–3.) It is possible that the $15,620 reflects a yearly income, but the Court cannot assume this without more clarity from Plaintiff. Plaintiff's expected income for next month consists of an employment salary of $1,300 and retirement benefits of $732. (IFP Mot. 2.) Plaintiff also states that he expects a major change to his monthly income due to a decrease in employment—primarily from loss of employment at San Diego Padres and Los Angeles (formerly San Diego) Chargers games. (*Id.* at 5.) Plaintiff also attached his previous three tax return transcripts, which show an annual adjusted gross income of: $16,084 in 2016; $15,683 in 2015; and $13,213 in 2014.

Plaintiff also has approximately $800 in checking and savings accounts, (*id.* at 2), and has two cars valued at $6,200. (*Id.* at 3.) Plaintiff has revised his monthly expenses from the previous affidavit, approximately $3,200, to a current monthly expense of approximately $2,700.[2]

The Court previously stated its concern that Plaintiff had not fully explained his financial situation and that the Court could not determine whether the affidavit was credible. (ECF No. 4, at 2.) This was due to the difference between monthly income and monthly expenses and the lack of specificity in monthly expenses. (*Id.*) Plaintiff has addressed the vagueness in his monthly expenses. That said, Plaintiff estimates his average

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

[2] Plaintiff calculates his total monthly expenses at $2,185, but this does not account for his insurance payments ($311) and his installment payments ($206). (IFP Mot. 4.)

monthly employment income at $1,500 (IFP Mot. 1), but also claims to have earned approximately $2,200 from working at EES from September 5th to September 17th plus additional income from Del Mar Race Track from September 1st through September 5th. (*Id.* at 2.) There is a lack of consistency within the affidavit that precludes the Court from accurately assessing Plaintiff's financial situation. Additionally, Plaintiff does not explain how he reached a monthly income of $15,620. Finally, Plaintiff states a concern of future loss of employment, but at present those losses have not been realized.[3]

In sum, the Court cannot accurately assess Plaintiff's ability to pay the $400 civil filing fee. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP.

## CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2). To proceed with his case, Plaintiff may, <u>within thirty days of the date on which this Order is electronically docketed</u>, either (1) pay the $400 filing fee for civil cases, or (2) file a new motion to proceed *in forma pauperis* that addresses the Court's above-mentioned concerns.

**IT IS SO ORDERED.**

Dated: September 29, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[3] For example, Plaintiff's previous affidavit stated his employment would end September 5, 2017. (ECF No. 2, at 6.) Yet, Plaintiff was employed by EES from September 5th until September 17th and paid approximately $2,200 for his work. (IFP Mot. 2.)