UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN J. ROSS,<br><br>  Plaintiff,<br><br>v.<br><br>PADRES LP, et al.,<br><br>  Defendants. | Case No.: 17-CV-1676 JLS (JLB)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a), (2) DENYING MOTION TO APPOINT COUNSEL, AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>(ECF No. 9) |

Presently before the Court is Plaintiff Van J. Ross's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP MTN," ECF No. 9.)

**IFP Motion**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

1

prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, the Court denied Plaintiff's previous IFP motion due to accounting irregularities in his Motions.[1] (ECF Nos. 4, 6). The Court gave Plaintiff thirty days from the date of the previous Order to refile a motion to proceed IFP. Plaintiff timely filed his third IFP Motion, (ECF No. 7), and then filed an additional IFP Motion, (ECF No. 9). The Court considers Plaintiff's most recent IFP Motion, (ECF No. 9), as it contains his most recent financial accounting.

Plaintiff filed an affidavit indicating that he has received an average monthly income of $1,119.88[2] over the past twelve months. (IFP MTN 2.)[3] Plaintiff's expected income next month is $990.[4] (*Id.*) Plaintiff also states that during his most recent employment he earned $122 in September and $243.88 in October. (*Id.*)

Plaintiff also has approximately $357 in checking and savings accounts, (*id.* at 2), and has two cars valued at $2,016. (*Id.* at 3.) Plaintiff's monthly expenses are listed as $2,273. (*Id.* at 5.) This revised monthly expense estimate is close to his previous estimate, (*see* ECF No. 7, at 5). Plaintiff states that he does not expect his employment situation to change in the next 12 months. (IFP MTN 5.)

---

[1] For example, in a previous IFP Motion Plaintiff listed his average monthly income as $15,620. (ECF No. 6, at 2.) The Court assumed this was in error, but requested Plaintiff to clarify his affidavit, which he has done.
[2] Plaintiff lists his total monthly income as $876, but fails to add $243.88 in employment income.
[3] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.
[4] Plaintiff lists next month's expected income as $876, but fails to add $114 in expected employment income.

2

In sum, Plaintiff estimated expenses exceed his assets and expected income. The Court finds Plaintiff is unable to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. (ECF No. 9.)

**Motion to Appoint Counsel**

Plaintiff's Complaint includes a request to appoint counsel without any accompanying explanation. ("Compl." 3, ECF No. 1.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff provides no justification as to how his case meets the exceptional circumstances. The Court finds Plaintiff has not met either element for exceptional circumstances. First, the Court does not have enough information to evaluate Plaintiff's likelihood for success on the merits. Plaintiff's Complaint describes his facts and circumstances in one page. (ECF No. 1, at 2.) At this stage, there is simply not enough information to assess likelihood of success on the merits. Second, the Court finds Plaintiff has not met the second element of Plaintiff's ability to articulate his claims. This appears to be a straightforward ADA reasonable accommodation case. Plaintiff apparently has articulated his claim before the EEOC. (*See id.*) In light of the nature of the legal issues, the Court cannot say Plaintiff is unable to articulate his claims. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for counsel.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). While the court has an "obligation . . . , where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted), it may not "supply essential elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that he requested a reasonable accommodation from his employer, the San Diego Padres, to use his cane. (Compl. 2.) Plaintiff was told by his supervisor that he would need a doctor's note, which he supplied. (*Id.*) Plaintiff then requested a leave of absence and upon his return Plaintiff was told he needed to submit a medical clearance from his doctor. (*Id.*) Thereafter, a formal hearing appears to have occurred that resulted in the Padres terminating Plaintiff's employment. (*Id.*)

To state a prima facie case of discrimination under the ADA, a plaintiff "must show that she: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of her disability." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). Under the ADA, a "qualified individual is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 989 (9th Cir. 2007). Determining whether a plaintiff is a "qualified individual" requires a two-part test. First, the qualified person

must possess the requisite skills, experience, education, and other qualifications for the employment position. *See Cripe v. City of San Jose*, 261 F.3d 877, 887 (9th Cir. 2001). Second, the individual must be capable of performing "essential functions." *Id.* Essential functions are fundamental job duties of the employment position . . . not include[ing] the marginal functions of the position." *Id.*

Here, the Court finds Plaintiff meets the screening threshold. Plaintiff requires a cane to perform the essential functions of his job. His use of a cane may be a reasonable accommodation. Plaintiff alleges he was fired as a result of his disability. At this initial pleading stage and considering Plaintiff's pro se status, the Court finds Plaintiff meets the requirements of 28 U.S.C. § 1915(e)(2) and § 1915A(b).

## CONCLUSION

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's IFP Motion, (ECF No. 9), and **DENIES AS MOOT** Plaintiff's previous IFP Motion, (ECF No. 7);

2. **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Counsel, (ECF No. 1);

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285's as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

4. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285's provided to him.

All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* Civ. Local R. 5.2.

///

Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED.**

Dated: January 3, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge